IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Maurice Lavar Volley, )
    Petitioner, )
)
v. ) 1:10cv1303 (CMH/TRJ)
)
Harold Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Maurice Lavar Volley, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder and use of a firearm in the commission of a felony following a jury trial in Henrico County Circuit Court. On May 3, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss with a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Henrico County Circuit Court, entered on September 19, 2006. Petitioner was convicted following a jury trial of first degree murder and the use of a firearm in the commission of a felony. Commonwealth v. Volley, R. Nos. CR05-1713, CR05-1714. The jury recommended a sentence of twenty-seven years on the first degree murder charge and three years on the use of a firearm charge and the Henrico

Circuit Court sentenced petitioner in accord with the jury's recommendation. Id. The per curiam opinion of the Court of Appeals denying petitioner's petition for review on direct appeal reveals the following underlying facts:

> Tarderell Postell went missing on or about November 29, 2001. His body was found in a rural section of eastern Henrico County approximately ten days later. Appellant and three other men were charged with his abduction and murder, as well as the use of a firearm in the commission of a murder.
>
> Three of the individuals charged in connection with Postell's murder, Otis Johnson, Anthony Moore, and Latasha Nicole Davis, testified as prosecution witnesses against appellant. Each of them admitted having entered guilty pleas to the charges against them, and testified that appellant participated in the murder.
>
> Moore testified that Postell had been murdered because he was selling "fake" drugs and in his and appellant's territory. Moore, Johnson, and Davis consistently testified that Postell was severely beaten, then put in the trunk of the car before appellant drove them all in a blue car to a remote area. The three witnesses also confirmed that everyone at the scene had fired at Postell; as Johnson explained, appellant wanted "everybody [to] shoot, so there wouldn't be no witnesses."
>
> Moore's testimony regarding the number and types of guns involved in Postell's shooting was consistent with the forensic analysis of bullets recovered from the murder scene. He also described the victim as having his arms out of his shirt sleeves, a fact which was consistent with the description provided in the autopsy report."

Volley v. Commonwealth, R. No. 2412-06-2.

Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied his

petition in a per curiam Order dated April 26, 2007. Volley v. Commonwealth, R No. 2412-06-2. Petitioner filed a request for consideration by a three-judge panel, which the Court of Appeals denied on June 13, 2007. Id. Petitioner then appealed to the Supreme Court of Virginia, which refused his petition on November 29, 2007. Volley v. Commonwealth, R. No. 071486.

On November 26, 2008, petitioner filed a writ of habeas corpus in the Henrico County Circuit Court, raising the following claims:

> (1) Petitioner's rights under the due process clause were violated by the prosecutor's attempt to admit evidence of jail visitation on records through the testimony of Lieutenant Mike Genoe to show that the petitioner had visited Anthony Moore at the Richmond City Jail. Petitioner asserted that despite an objection to the testimony being sustained and the judge directing the jury to disregard the testimony, the testimony "caused the petitioner to suffer prejudice in th[e] trial." Petitioner stated that the testimony "has the effect of casting doubt on petitioner's theory of a bad relationship with Moore" and "[t]he curative action taken by the Court was insufficient under the circumstances." Petitioner noted that his motion for a mistrial was overruled at trial and "declaration of a mistrial would have been the appropriate action under the circumstances." State Pet. at ¶ 9.
>
> (2) Ineffective assistance of counsel. Petitioner alleged that he received ineffective assistance because his counsel failed to file a motion in limine to exclude the testimony of Lieutenant Genoe and any jail records from the Richmond City Jail. Petitioner argued that "failing to attempt to exclude this evidence outside the presence of the jury, trial counsel was deficient in his performance and the resulting prejudice . . . was so serious as to bring the outcome of the proceedings into question." State Pet. at ¶ 10.

The Henrico County Circuit Court addressed petitioner's claims on the merits and dismissed the petition in a final Order dated April 12, 2010. Volley v. Warden, R. No. CL08-2889. The Supreme Court of Virginia refused petitioner's appeal of the circuit court's denial of his habeas petition on October 27, 2010. Volley v. Warden, R. No. 101399.

Petitioner timely filed the instant petition for § 2254 habeas corpus relief on November 5, 2010,[1] essentially reiterating the claims he made in his state habeas proceeding, and also alleging additional claims. Specifically, petitioner raises the following issues:

1. Ineffective Assistance of Counsel. In the memorandum supplementing his petition, petitioner alleges his counsel was ineffective because

> (a) he failed to file a motion in limine and failed to secure a pretrial conference during which counsel could have requested the Commonwealth bring any documents it intended to introduce at trial. According to petitioner, this would have prevented the jury from being exposed to the jail visitor log.

See Mem. in Supp. of Pet. at 1-2.

> (b) he failed to argue the "Commonwealth's violation of its duty to disclose exculpatory evidence." Petitioner does not expressly identify what allegedly exculpatory evidence was not disclosed, but he does make reference to "impeachment evidence" being within the Brady rule.

See id. at 2-4.

2. Deprivation of Sixth and Fourteenth Amendment rights to a fair trial. In the memorandum supplementing the petition, petitioner alleges his trial was unfair because

---

[1] Pleadings submitted to a federal court by prisoners are deemed filed when properly delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). See Pet. at 14, ECF No. 1.

4

> (a) The jury heard Lieutenant Genoe's testimony regarding the jail visitor log. The petitioner argues that even though the court directed the jury to disregard the testimony the "improper evidence could not be cured by the instructions, nor it's [sic] effects removed from the minds of the jurors." Furthermore, petitioner contends that the trial court erred in failing to grant a mistrial due to the jury's exposure to Genoe's testimony.

See id. at 7-8.

> (b) The Commonwealth "had enormous bargaining power over the[] co-defendant" which resulted in "coerced testimony and the possibility of perjury."

See id. at 9-10.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78

5

(1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Additionally, where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as

6

actual innocence. Harris, 489 U.S. at 260.

These principles, applied here, compel the conclusion that claims 1(b) and 2(b) of petitioner's present claims are procedurally barred from federal review. Claims 1(b) and 2(b) have never been presented to the Virginia courts, so they remain unexhausted.[2] Matthews, 105 F.3d at 910. Moreover, it is clear that these claims would now be barred if petitioner attempted to bring them in the state forum, as they would be both untimely and successive, in contravention of Va. Code §§ 8.01-654(A)(2) and 8.01-654(B)(2), respectively. Since the Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997), claims 1(b) and 2(b) of this petition are procedurally defaulted from federal consideration.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v.

---

[2] Although petitioner raised claims under the heading of ineffective assistance of counsel and unfair trial in his state habeas petition, his instant federal petition alleges new facts and legal arguments supporting those claims. Petitioner argues that his federal petition "merely expounded upon for clarity of the issues manifested" in his state habeas proceeding and does not raise new claims. Resp. to Mot. to Dismiss at 11, 12. However, in order to meet the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Facts not presented to the state court cannot be considered by a federal court. See Cullen v. Pinholster, 131 U.S. 1388, 1399 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."). Thus, claims 1(b) and 2(b) are unexhausted for purposes of this Court's review.

Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In this case, petitioner make no showing of cause and prejudice or a fundamental miscarriage of justice. Therefore, claims 1(b) and 2(b) of this petition are procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Merits

A. <u>Claim 1(a): Ineffective Assistance of Counsel</u>

In claim 1(a), petitioner argues that counsel rendered ineffective assistance because he failed to file a motion <u>in limine</u> or hold a pretrial conference to exclude evidence of the jail visitor log and the testimony of Lieutenant Genoe. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" <u>id.</u> at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." <u>Id.</u> at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689; <u>see also,</u> <u>Burket v. Angelone</u>, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); <u>Spencer v. Murray</u>, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy <u>Strickland</u>'s prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>; <u>accord,</u> <u>Lovitt v. True</u>, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that

9

counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When petitioner raised the current claim in his state habeas petition, it was rejected by the Henrico County Circuit Court on the following basis:

> "[T]he petitioner asserts that he is in custody as a result of the ineffective assistance of counsel due to 'counsel's failure to file or state a motion in limine to exclude the testimony of Lt. Genoe and any jail records from Richmond City Jail.' He argues that 'by failing to attempt to exclude this evidence outside the presence of the jury, trial counsel was deficient in his performance' to a degree so serious as to make the outcome of the trial questionable, because the outcome was fundamentally unfair and unreliable.
>
> * * * * * *
>
> Petitioner's claim presupposes that counsel knew in advance that Lt. Genoe was going to be called as a witness, and the purpose for which he was being called. This has not been shown to be the case, and consequently it cannot be shown that counsel was deficient for not moving to exclude the testimony in advance. The claim therefore fails the performance prong of the Strickland test.
>
> As noted by the Court of Appeals, the petitioner was

> questioned on direct examination as to whether he had visited Moore, and he testified 'he did not <u>recall</u>' doing so; seeing the visitor's log did not refresh his recollection. Petitioner's notable inability to remember whether he had visited his supposed enemy was therefore already before the jury.
>
> Further, the evidence that the petitioner now complains should have been excluded in fact <u>was</u> excluded. The court did not admit the visitor's log, and it ordered the entire testimony of Lt. Genoe stricken from the record, and admonished the jury to disregard it. As the Court of Appeals stated, juries are presumed to follow prompt, explicit, curative instructions. The petitioner has not demonstrated that the jury did not do so. In view of the fact that the supposedly damaging evidence of a visit was already suggested to the jury by the petitioner's own testimony, clearly no additional prejudice can be demonstrated from the testimony of Genoe's that was <u>excluded</u>.
>
> \* \* \* \* \* \*
>
> Under the circumstances of this case, petitioner has failed to demonstrate he suffered any prejudice due to the lack of a motion <u>in limine</u> to bar Genoe's testimony. Petitioner thus has failed to satisfy either the performance or the prejudice prong of the <u>Strickland</u> test as to [this] claim. [This] claim is therefore meritless and must be dismissed."

<u>Volley v. Warden</u>, R. No. CL08-2889. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused petitioner's habeas appeal without explanation. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

Under these circumstances, the quoted determination by the Henrico County Circuit Court was factually reasonable and was not contrary to, nor an unreasonable application of, the controlling federal law upon which it expressly relied. <u>Strickland</u>, 466 U.S. at 687. Therefore, the

11

same result must pertain here, Williams, 529 U.S. at 412, and habeas corpus relief on petitioner's ineffective assistance of counsel claim must be denied.

B. Claim 2(a): Violation of Sixth and Fourteenth Amendment Rights to a Fair Trial

In claim 2(a) petitioner asserts that his Sixth and Fourteenth Amendment rights were violated because the jury heard testimony of Lieutenant Genoe and the trial court's instruction to disregard the testimony was insufficient under the circumstances. Thus, petitioner contends that the trial court erred in failing to grant his counsel's motion for a mistrial. When raised on direct appeal, the Virginia Court of Appeals denied the claim, explaining:

> "Testifying in his defense, appellant asserted that he was not on good terms with Moore at the time of the murder and that Moore had implicated him because he wanted to 'set me up.' On cross-examination, appellant claimed he did not recall visiting Moore in the Richmond City Jail on May 19, 2001. The Commonwealth showed appellant a visitor log from the jail on that date with an entry bearing appellant's name, but appellant claimed the document did not refresh his recollection.
>
> On rebuttal, the Commonwealth attempted to introduce the visitor log through the testimony of Lt. Michael Genoe, an internal affairs officer at the jail, but the trial court ruled the document was inadmissible. The trial court admonished the jury that it had stricken Genoe's testimony and that he jury should disregard it. Following argument from counsel on appellant's motion to strike and discussion of the jury instructions, appellant moved for a mistrial based upon Genoe's testimony. The trial court denied the motion.
>
> \* \* \* \* \* \*

12

> '[A] trial court's denial of a motion for a mistrial will not be reversed on appeal unless there is a manifest probability as a matter of law that the improper evidence prejudiced the accused.' Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997) (citation omitted). The testimony about the jail visit was relevant only to impeach appellant's claim he was not friendly with Moore. The jury had been made aware of the visitor's log during the Commonwealth's cross-examination of appellant, and, therefore, its impact was thereby minimized.
>
> Taking this into account, as well as the trial court's immediate instruction to disregard Genoe's testimony, and the detailed and corroborated testimony from Moore, Davis, and Johnson, we cannot say a 'manifest probability exists as a matter of law' that Genoe's testimony prejudiced appellant. Id."

Volley v. Commonwealth, R. No. 2412-06-2. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused petitioner's petition for appeal without explanation. See Ylst, 501 U.S. at 803.

The Virginia Court of Appeals' decision that Lieutenant Genoe's testimony did not result in a manifest probability of prejudice to the petitioner was reasonable and was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the state court's judgment and deny habeas relief on claim 2(a). Williams, 529 U.S. at 412.

13

## V. Pending Motions

Also before the Court is petitioner's Motion for Extension of Time to File a Response, filed on May 12, 2011. Because petitioner filed his response on May 26, 2011, petitioner's Motion for Extension of Time must be dismissed as moot.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 18th day of November 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia